IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| Deniz Bolbol, et al., | NO. C 11-05539 PSG |
|---|---|
| Plaintiffs, v. | **ORDER FINDING THAT CASES ARE NOT RELATED** |
| Feld Entertainment, Inc., et al., | |
| Defendants. | |

Presently before the Court is an Order Referring Case to Chief Judge James Ware for Related Case Consideration. (hereafter, "Referral Order," Docket Item No. 34.) In the Referral Order, Judge Grewal refers the above-captioned matter to the Court for a determination of whether it is related to Bolbol v. HP Pavilion Management, No. C 04-00082 JW (the "2004 Case"). (Id. at 1.) In particular, Judge Grewal indicates that the two cases may be related, insofar as: (1) the two cases involve "substantially the same parties"; and (2) adjudication of this case is "likely to require a determination [of] the scope of the permanent injunction previously issued [in the 2004 Case] and [of] whether [this Court's] earlier rulings have a preclusive effect on claims being brought in this case." (Id.) Defendant Feld Entertainment, Inc. ("Feld") has filed an Opposition in which it contends that this case should not be related to the 2004 Case, insofar as: (1) Defendant Feld was dismissed from the 2004 Case "early on," and the judgment and permanent injunction issued in that case in 2006 only involved the other Defendants in that case; (2) although the "bulk of [Plaintiffs' Complaint] concerns conduct that allegedly occurred in the County of Santa Clara, in the City of San Jose," Chief Judge Ware is currently located in the San Francisco Division rather than the San Jose

Division, which means that transferring the case to Chief Judge Ware would "place an undue burden on the parties"; and (3) although issues raised in the Complaint in this case "were already litigated in the [2004 Case], Judge Grewal may "readily determine[]" the relation of the permanent injunction and other rulings issued in the 2004 Case by "reviewing the language" of those documents "and comparing them to the issues raised in [the Complaint]."[1]

Civil Local Rule 3-12(a) provides:

An action is related to another action when:

(1) The action concerns substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Upon review, the Court finds that this case is not related to the 2004 Case within the meaning of Civil L.R. 3-12. In particular, the Court finds that on April 14, 2004, it dismissed Defendant Feld from the 2004 Case.[2] On August 30, 2006, the Court issued a permanent injunction against another Defendant in the 2004 Case–namely, Defendant HP Pavilion Management.[3] The permanent injunction pertained solely to the HP Pavilion in San Jose. (Id.) By contrast, Plaintiffs' allegations in this case appear to center on conduct allegedly undertaken by Defendant Feld and its employees.[4] Moreover, the Complaint alleges that venue is proper in Santa Clara County because "the facts supporting each of [the] causes of action arise out of conduct undertaken by [Defendants] in the City of San Jose and County of Santa Clara." (Complaint ¶ 3.) Thus, under the Civil Local

---

[1] (Response of Feld Entertainment, Inc. in Opposition to Relating Cases Pursuant to Civil L.R. 3-12 at 3-4, Docket Item No. 35.)

[2] (See Order Granting Feld Entertainment's Motion to Dismiss, Docket Item No. 29 in No. C 04-00082 JW.)

[3] (See Judgment and Permanent Injunction at 2-3, Docket Item No. 332 in No. C 04-00082 JW.)

[4] (See Feld Entertainment, Inc.'s Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity); Demand for Jury Trial, Ex. A, Complaint for Damages and Injunctive Relief ¶¶ 23-25, hereafter, "Complaint," Docket Item No. 1 (alleging, *inter alia*, that "Feld Entertainment, Inc. employees" "would swat . . . mounted pictures at Plaintiffs' and [others'] cameras in an attempt to hit the cameras" and that a "Feld Entertainment, Inc., [sic] employee aimed a fire hose over [a] wall where Plaintiffs were standing.").)

Rules, venue for this case is properly in the San Jose Division. Civ. L.R. 3-2(e). However, the Court is now located in the San Francisco Division, which means that a transfer of this case to the Court would serve neither the "convenience of parties and witnesses" nor the "interests of justice." Id. 3-2(h).

Accordingly, the Court finds that this case is not related to the 2004 Case.

Dated:  March 13, 2012

JAMES WARE
United States District Chief Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

G. Whitney Leigh wleigh@gonzalezleigh.com
James McManis jmcmanis@mcmanislaw.com
Marwa Elzankaly melzankaly@mcmanislaw.com
Rubina Kazi rkazi@mcmanislaw.com

**Dated: March 13, 2012**                    **Richard W. Wieking, Clerk**

**By:       /s/ JW Chambers**
　　　**Susan Imbriani**
　　　**Courtroom Deputy**

**United States District Court**
For the Northern District of California