UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DENIZ BOLBOL and JOSEPH CUVIELLO, INDIVIDUALLY,<br><br>            Plaintiffs,<br>    v.<br><br>FELD ENTERTAINMENT, INC. (dba RINGLING BROS. and BARNUM & BAILEY CIRCUS); JAMES DENNIS; MATTHEW GILLET; and DOES 1-10,<br><br>            Defendants. | Case No.: C 11-5539 PSG<br><br>**ORDER GRANTING FELD ENTERTAINMENT'S MOTION TO DISMISS UNSERVED DEFENDANTS**<br><br>**(Re: Docket No. 91)** |

Defendant Feld Entertainment Inc. ("Feld") moves to dismiss Defendants James Dennis ("Dennis") and Matthew Gillet ("Gillet") pursuant to Fed. R. Civ. P. 4(m) because Plaintiffs Deniz Bolbol ("Bolbol") and Joseph Cuviello ("Cuviello") (collectively "Plaintiffs") failed to serve Dennis or Gillet. Pursuant to Civil L.R. 7-1(b), the motion was taken under submission. Having considered the parties' papers, the court GRANTS Feld's motion.

The court has recounted the details of this case in other orders,[1] and so provides here only the procedural history relevant to this motion. Plaintiffs filed their original complaint in Santa Clara County Superior Court on August 19, 2011. Feld removed the case to this court on

---
[1] *See* Docket No. 43.

1

Case No.: 11-5539 PSG
ORDER

November 16, 2011.[2] On December 6, 2011, the parties appeared for an initial case management conference, during which Plaintiffs admitted that Dennis and Gillet had not been served yet. The court allowed Plaintiffs to obtain expedited discovery from Feld to help them serve Dennis and Gillet and set January 17, 2012 as a deadline for service.

According to her declaration in support of Plaintiffs' opposition, Bolbol states that, despite the court's deadline, "[d]ue to the legal sparring over Plaintiffs' Complaint, Plaintiffs decided to wait until the Blue Unit [where Dennis and Gillet work] returned to the Bay Area – August of this year – to serve Defendants Dennis James [sic] and Matthew Gillet."[3] But Plaintiffs were unable to serve Dennis and Gillet at that time.[4] On October 18, 2012, Bolbol hired a process server in another attempt to serve Dennis and Gillet while the circus was in Cleveland but they again were not served.[5]

Fed. R. Civ. P. 4(m) requires the court "on motion or on its own after notice to the plaintiff" to dismiss an action without prejudice "[i]f a defendant is not served within 120 days after the complaint is filed." "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[6]

Feld argues that dismissal of Dennis and Gillet is proper because more than 120 days have passed since commencement of Plaintiffs' action, and additionally because Plaintiffs failed to comply with this court's direction that the two must be served by January 17, 2012.[7]

Plaintiffs respond that the failure to serve Dennis and Gillet "has not been through neglect or lack of effort" but rather because Feld did not provide them with necessary information to locate the two men.[8] Plaintiffs request the court to extend the deadline by which they must serve the men

---

[2] *See* Docket No. 1.

[3] *See* Docket No. 96 ¶ 5.

[4] *See id.*

[5] *See id.* ¶ 7.

[6] Fed. R. Civ. P. 4(m).

[7] *See* Docket No. 91.

[8] *See* Docket No. 95.

2
Case No.: 11-5539 PSG
ORDER

until January 26, 2013 and point to the nomadic nature of Dennis and Gillet's profession and that "they could not be reached behind the gates and fences of the arena where they were working and residing" as good cause for the extension.[9] They assert that an extension would not prejudice Feld because service on Dennis and Gillet at this point would "have no material effect on the pleadings or the procedural aspects of the case," especially in light of the identical allegations Plaintiffs lodge against Feld, Dennis, and Gillet.[10]

Plaintiffs overstate the simplicity of adding Dennis and Gillet at this stage of the proceedings. Although technically the case remains at the pleading stages, trial is set for February 19, 2013. Neither party has moved to change that date, despite Plaintiffs' refrain that "the schedule in this case will most certainly be amended."[11] At this point, trial is less than three months away, and Plaintiffs have yet to serve two defendants. Further complicating the situation, if Dennis and Gillet were served within the timeframe Plaintiffs anticipate, they may not consent to this court's jurisdiction, which would require reassignment to a district court judge and would render the last year of motion practice in this case a waste of time and judicial resources.[12]

Even if the situation was as simple as Plaintiffs contend, they have not provided good cause for failing to serve Dennis and Gillet up until this point. As Bolbol admits in her declaration, Plaintiffs ignored this court's January 17, 2012 deadline and instead waited for the circus to come back to town. They appear to have gambled that they would be able to serve Dennis and Gillet before Feld made its motion or the court noticed the deficiency, and unfortunately lost.

Accordingly, the court GRANTS Feld's motion to dismiss Dennis and Gillet without prejudice.

**IT IS SO ORDERED.**

---

[9] *See id.*

[10] *See id.* Plaintiffs also appear to argue that Feld lacks standing to move to dismiss Dennis and Gillet. The court need not address that argument as it may on its own dismiss defendants who have not been served within the time limits set in Fed. R. Civ. P. 4(m). *See Audio Toys, Inc. v. Smart AV Pty. Ltd.*, Case No. C 06-6298 SBA, 2007 WL 1655793, at *5 (N.D. Cal. June 7, 2007).

[11] *See* Docket No. 95.

[12] *See* 28 U.S.C. § 636; *Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988).

3

Case No.: 11-5539 PSG
ORDER

Dated: November 15, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge