UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DENIZ BOLBOL and JOSEPH CUVIELLO, INDIVIDUALLY,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>FELD ENTERTAINMENT, INC. (dba RINGLING BROS. and BARNUM & BAILEY CIRCUS); JAMES DENNIS; MATTHEW GILLET; and DOES 1-10,<br><br>　　　　　　Defendants. | Case No.: C 11-5539 PSG<br><br>**ORDER RE PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER**<br><br>**(Re: Docket No. 109)** |

Plaintiffs Deniz Bolbol and Joseph Cuviello ("Plaintiffs") move for relief from having to respond to the motion for summary judgment filed by Defendants Feld Entertainment, Inc., et al ("Feld").[1] Plaintiffs also seek leave to move to amend the scheduling order issued by this court on December 9, 2011.[2]

The court first must address the nature of Plaintiffs' motion. As titled, Plaintiffs filed an ex parte motion to "stay their time for opposing, or in the alternative grant relief from opposing,

---

[1] *See* Docket No. 109.

[2] *See id.*

Case No.: 11-5539 PSG
ORDER

1

Feld's motion for summary judgment, and request for leave to file motion to modify the scheduling order."[3] Feld seeks the court to disregard Plaintiffs' motion in light of its procedural defects, namely Plaintiffs' failure to cite any authority justifying an ex parte motion and their failure to properly notice their motion.[4] Although Plaintiffs' motion is problematic, the court nevertheless construes it as a motion to amend the scheduling order regarding the deadline for a dispositive motions hearing and the deadline for discovery.[5]

The scheduling order currently sets December 18, 2012 as the deadline for a hearing on dispositive motions and sets trial for February 19, 2013.[6] Fact discovery closed August 31, 2012 and expert discovery closed November 2, 2012.[7] In compliance with the scheduling order, Feld filed a motion for summary judgment on November 13, 2012 with a hearing date set for December 18, 2012.[8] On November 15, 2012, the court issued its decision granting Plaintiffs leave to amend and file a Third Amended Complaint and denying Feld's second motion to dismiss as moot.[9] The court gave Plaintiffs seven days from the issuance of the order to file a TAC in compliance with its directives.[10] Because of the recent Thanksgiving holiday, Plaintiffs' TAC was due November 26, 2012,[11] and they filed their TAC on that date.[12]

---

[3] *See* Docket No. 109.

[4] *See* Docket No. 111.

[5] *Cf. Foti v. Wilson*, Case No. 96-3054 TEH, 1997 WL 118357, at *1 (N.D. Cal. Mar. 5, 1997).

[6] *See* Docket No. 15.

[7] *See id.*

[8] *See* Docket No. 101.

[9] *See* Docket No. 107.

[10] *See id.*

[11] *See* Fed. R. Civ. P. 6.

[12] *See* Docket No. 110.

2
Case No.: 11-5539 PSG
ORDER

Plaintiffs now seek relief from having to oppose Feld's motion for summary judgment, the deadline for which is November 27, 2012. Plaintiffs argue that Feld's motion is based on the earlier Second Amended Complaint ("SAC") and is mooted by the November 15 order allowing Plaintiffs to file a TAC.[13] Feld's motion in fact addresses both Plaintiffs' SAC and Plaintiffs' proposed TAC but not the TAC the court gave Plaintiffs leave to file.[14] Feld responds that although its motion may be broader than necessary because the motion addresses Plaintiffs' proposed TAC, the motion nevertheless addresses the causes of action and allegations the court permitted Plaintiffs to add to the TAC.[15]

An amended complaint "supersedes the original, the latter being treated thereafter as non-existent."[16] The TAC Plaintiffs filed on November 26, 2012, therefore, is the operative complaint. Feld's motion for summary judgment on either the SAC or the proposed TAC thus is moot because it fails to address the operative complaint. Because Feld's motion was mooted by this court's November 15 order permitting Plaintiffs to file the TAC by November 26, 2012, the court finds good cause to amend the deadline for the dispositive motions hearing. The court moves the deadline from December 18, 2012 to January 22, 2013. This new deadline gives Feld at least two weeks from the filing of Plaintiffs' TAC to file a new motion for summary judgment and still calendar the hearing for January 22, 2013.

As to Plaintiffs' motion for leave to amend the scheduling order regarding discovery, the court does not find that Plaintiffs have exhibited good cause to change the deadlines. Fed. R. Civ. P. 16 requires a party seeking amendment of a scheduling order to show "good cause."[17] To

---

[13] *See* Docket No. 109.

[14] *See* Docket No. 101.

[15] *See* Docket No. 111.

[16] *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).

determine whether good cause exists, the court looks primarily to whether the moving party has been diligent in seeking the amendment, and if so, whether amending the order will prejudice the non-moving party.[18]

Plaintiffs point to the "volatility" of the pleadings and the fact that the court granted leave to amend their complaint to include events occurring "merely three weeks before the discovery deadline" to support amending the scheduling order.[19] They also point to Feld's position at the December 6, 2011 case management conference that discovery should not be taken until the court ruled on Feld's first motion to dismiss to suggest that Feld's position aligns with Plaintiffs'.[20]

Plaintiffs disregard the June 4, 2012 order on Feld's first motion to dismiss in which the court denied Feld's motion with regards to two of Plaintiffs' claims and permitted Plaintiffs to amend their complaint to attempt to correct the defects the court identified.[21] Plaintiffs had notice more than two months before fact discovery closed that they would have to proceed on at least two of their claims to at least the dispositive motion stage. They have provided no good reason why they failed to pursue discovery for those two claims or failed to move the court earlier to amend the scheduling order. In light of Plaintiffs' previous references to the possibility of changing the trial date and the scheduling order in motion papers and at their last hearing,[22] they cannot claim now that they were surprised by the impending deadlines in this case.

As to the more recent allegations, again Plaintiffs never sought to amend the scheduling order to permit late discovery of those allegations. Although they may not have known whether

---

[17] *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

[18] *See Adobe Systems Inc. v. Coffee Cup Partners, Inc.*, Case No. C 11-2243 CW, 2012 WL 3877783, at *6 (N.D. Cal. Sept. 6, 2012).

[19] *See* Docket No. 109.

[20] *See id.*

[21] *See* Docket No. 43.

[22] *See* Docket No. 89, 95.

4
Case No.: 11-5539 PSG
ORDER

the court would permit the addition of those allegations, Plaintiffs were the parties seeking to include these later allegations and so it was their obligation to move the court to allow late discovery if necessary.  Plaintiffs' current motion - over three months after the alleged confrontations took place and more than two months after Plaintiffs sought to amend their complaint - does not exhibit the diligence required by Rule 16.

Because they failed to show the diligence necessary to support amending the scheduling order under Rule 16, Plaintiffs' motion to amend the scheduling order to allow late discovery is DENIED.  Accordingly,

IT IS HEREBY ORDERED that the deadline for a hearing on dispositive motions for this case shall be amended from December 18, 2012 to January 22, 2013.

**IT IS SO ORDERED.**

Dated:  November 27, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

5

Case No.: 11-5539 PSG
ORDER