1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DENIZ BOLBOL and JOSEPH CUVIELLO, INDIVIDUALLY, <br><br> Plaintiffs, <br><br> v. <br><br> FELD ENTERTAINMENT, INC. (dba RINGLING BROS. and BARNUM & BAILEY CIRCUS); JAMES DENNIS; MATTHEW GILLET; and DOES 1-10, <br><br> Defendants. | Case No.: C 11-5539 PSG <br><br> **ORDER RE MOTIONS FOR SUMMARY JUDGMENT** <br><br> **(Re: Docket Nos. 117, 123)** |

Defendant Feld Entertainment Inc. ("Feld") moves for summary judgment pursuant to Fed. R. Civ. P. 56(a) on the various claims brought by Plaintiffs Deniz Bolbol ("Bolbol") and Joseph Cuviello ("Cuviello")[1] (collectively "Plaintiffs").[2]  Plaintiffs cross-move for summary judgment on their claims and seek leave to file excess pages in their motion.[3]  The parties, unsurprisingly, oppose each other's motions.  Having considered the parties' numerous papers and oral arguments, the court GRANTS-IN-PART and DENIES-IN-PART Feld's motion, DENIES Plaintiffs' motion for summary judgment, and GRANTS Plaintiffs' request to file excess pages.

---

[1] The court notes that Cuviello appears as a pro se plaintiff.

[2] *See* Docket No. 117.

[3] *See* Docket No. 123.

1

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

## I.   BACKGROUND

This case is merely the latest in the long struggle between Plaintiffs, animal rights activists, and Feld, which runs a circus where animals appear.  The disputes between Feld and Plaintiffs started well before this current action, and although at issue in this case are limited more recent encounters between the parties, a recount of the facts pre-dating the allegations in this case is necessary to a full understanding of the legal and factual issues to be resolved in this order and at trial.

**A.     History of the Dispute Between Feld and Plaintiffs**

Plaintiffs, as members of Humanity Through Education ("HTE"), engage in protests against the treatment of animals that appear in Feld's circus performances.[4]  As part of their protests, Plaintiffs videotape the interaction between Feld's employees and the animals in an effort to "educate the public" and to "provide news media information about the abuse and mistreatment of animals" that appear in the circus.[5]  According to Plaintiffs, several news organizations have used their video footage and they broadcast the videos on the internet.[6]  Cuviello has protested against the circus since 1989 and Bolbol since 2003.[7]

Plaintiffs recount how every year, when Feld's circus comes to town, Feld's employees unload from railroad cars the elephants and horses that appear in the shows.[8]  They then walk the animals along public streets from the railroad stop to the site where the circus is performing and generally place the animals in an "animal compound" that is typically in the parking lot of the

---

[4] *See* Docket No. 110 ¶ 10.

[5] *See id.*

[6] *See id.* ¶¶ 14-15.

[7] *See id.* ¶¶ 15-16.

[8] *See id.* ¶ 23.

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

performance site.[9]  HTE members, including Plaintiffs, attempt to videotape the "living conditions and treatment of the animals while they are on the train, being loaded and unloaded from the train and being walked to and from the arenas."[10]

It is in the encounters between the circus employees, while they move and set up the animals, and Plaintiffs, who attempt to videotape these activities, that the actions giving rise to this case and previous litigation occur.  According to Plaintiffs, for the many years that they have appeared at the circus sites, Feld's employees have engaged in various activities that interfere with Plaintiffs' ability to videotape the animals and to protest their treatment.[11]  Plaintiffs allege that the employees' tactics amount to harassment and intimidation.[12]

**B.    2006 Permanent Injunction**

These confrontations have been the subject of several rounds of litigation against numerous defendants, which ultimately resulted in 2006 in Plaintiffs obtaining a permanent injunction against the San Jose Arena Management Company, LLC, doing business as HP Pavilion Management ("HP Pavilion").[13]  The injunction prohibits among other things HP Pavilion from "interfering with photography or video taping [sic] by [] Plaintiffs of any activity taking place in any public forum or limited public forum as defined" in the injunction.[14] The injunction further states that "[n]othing in

---

[9] *See id.* ¶ 24.

[10] *See id.* ¶ 25.

[11] *See id.* ¶ 31.

[12] *See id.*

[13] *See* Docket No. 118 Ex. C

[14] *See id.*

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

this injunction is intended to permit a Plaintiff to peer over walls or erected barriers to videotape activity taking place in any non-public forum."[15]

The injunction defines public forums as "[a]ll public streets and sidewalks in and around HP Pavilion, except as blocked off from the general public during transportation or movement of animals pursuant to concerns for the safety or the animals and their caretakers."[16]  The injunction defines limited public forums as "[t]he North parking lot, except for the area of the Animal Open House and housing of Feld Entertainment personnel" and "[t]he North entrance to HP Pavilion, including the steps and entry level."[17]  The injunction expressly defines certain areas as nonpublic forums where Plaintiffs' expressive activity is not protected: (1) "[i]nterior of the HP Pavilion during ticketed events"; (2) "[t]he area of the North parking lot reserved for the ticketed Animal Open House"; (3) "[t]he area of the North parking lot reserved for residence of Feld Entertainment personnel"; and (4) "[t]hose portions of the public streets and sidewalks in and around the HP Pavilion, which are temporarily blocked off from the general public during transportation or movement of animals and equipments pursuant to concerns for the safety of the animals and their caretakers."[18]

## C.  Allegations at Issue in This Case

Although Plaintiffs point to their long history with Feld,[19] at issue in this case are very limited confrontations between Plaintiffs and Feld's employees.  Plaintiffs allege that Feld's employees engaged in four forms of harassment to interfere with Plaintiffs protest and videotaping

---

[15] See id.

[16] See id.

[17] See id.

[18] See id.

[19] See Docket No. 110 ¶¶ 16-35.

4

United States District Court
For the Northern District of California

activities.  Plaintiffs claim that Feld's employees flashed laser pointers in their eyes,[20] sprayed

them with hoses,[21] swatted at them with pictures attached to large sticks,[22] and obstructed their

protests on public streets with the ropes used to lead the animals on the walk between the railroad

cars and the arena.[23]  Plaintiffs allege that Feld's employees undertook one or more of these tactics

while Plaintiffs protested in Sacramento, California in August 2009,[24] in Oakland, California in

2008,[25] and in San Jose, California in August 2008 and August 2010.[26]   The court summarizes

Plaintiffs' allegations as follows:

- Oakland, California (August 2008): Feld's employees used ropes to interfere with Bolbol's "free use of the public streets and free speech rights."[27]

- Sacramento, California (August 2009): Feld's employees used handling ropes to interfere with Bolbol's and Cuviello's "free use of the public streets and free speech rights."[28]

- San Jose, California (August 2008 and August 2010):
    - Feld's employees used laser pointers against Bolbol and Cuviello as they attempted to videotape the circus animals;
    - the employees "mounted enlarged pictures of Plaintiffs . . . on sticks" and used the sticks to block Plaintiffs' cameras and "to swat at Plaintiffs' . . . cameras in an attempt to hit the cameras"[29]; and

---

[20] *See id.* ¶¶ 36-37

[21] *See id.* ¶¶ 50-53

[22] *See id.* ¶¶ 48-49.

[23] *See id.* ¶¶ 40-43.

[24] *See id.* ¶¶ 42, 43

[25] *See id.* ¶ 43.

[26] *See id.* ¶¶ 36, 37, 47, 48, 50-52.  Plaintiffs also reference a confrontation in September 2007 in Stockton, California.  *See id.* ¶¶ 44.  As the court noted in its order granting-in-part Feld's first motion to dismiss, the statute of limitations on these claims is three years and so the allegations regarding confrontations in 2007 fail on timeliness grounds.  *See* Docket No. 43.

[27] *See id.* ¶ 43.  Plaintiffs raise allegations regarding laser pointers being aimed at Shannon Campbell ("Campbell") while she was protesting at the Oakland Arena.  *See id.* ¶ 46.  As this court has already noted in its order granting-in-part Feld's first motion to dismiss, Plaintiffs do not have standing to assert Campbell's claims, *see* Docket No. 43, and the court has not permitted her to intervene in this action, *see* Docket No. 107.  The court therefore disregards these allegations.

[28] *See* Docket 110 ¶¶ 42-43.

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

o   while Plaintiffs "were standing on the public sidewalk videotaping over the seven-foot wall surrounding the backstage loading dock area" employees "twice aimed and sprayed a fire hose over the wall where Plaintiffs were standing" and Bolbol's camera was damaged.[30]

Plaintiffs assert that as a result of Feld's employees' actions, their protected expressive activity was chilled and they suffered emotional harm, humiliation, and mental suffering.[31]

### D.   Procedural History

Based on the foregoing events, Plaintiffs filed this action in Santa Clara County Superior Court in August 2011, and Feld removed the case to this court on November 16, 2011.  Plaintiffs filed their first amended complaint ("FAC") on December 7, 2011, and in that complaint they asserted causes of action for: (1) violations of Plaintiffs' free speech rights under Article I, Section 2(a) of the California Constitution, (2) violations of California Civil Code § 51.7 for threats and intimidation on the basis of political affiliation, (3) intentional property damage, (4) intentional infliction of emotional distress, (5) violations of California Civil Code § 52.1 based on Civil Code §§ 1708 and 3479, and (6) injunctive relief for harassment pursuant to California Code of Civil Procedure § 527.6.[32]

Upon Feld's motion to dismiss the FAC, the court found that several of Plaintiffs' factual allegations were untimely, that Plaintiffs did not have standing to assert claims of other protestors, and that Plaintiffs were collaterally estopped from asserting that videotaping over the wall separating the animal compound from public areas was constitutionally protected activity.[33]  The court found that the remaining factual allegations supported Plaintiffs' causes of action for

---

[29] *See id.* ¶ 48.

[30] *See id.* ¶ 50.

[31] *See* Docket No. 110 ¶¶ 57-60.

[32] *See* Docket No. 13.

[33] *See* Docket No. 43.

6

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

violations of California Civil Code Section 52.1, as grounded in a violation of Article I, Section 2 of the California Constitution and Civil Code Section 51.7 based on Plaintiffs' allegations harassment while they engaged in videotaping the circus animals.[34]  The court dismissed the remaining claims with leave to amend.[35]

Plaintiffs filed a second amended complaint ("SAC"), and Feld again filed a motion to dismiss.[36]  Before the court ruled on Feld's second motion to dismiss, Plaintiffs sought leave to file a third amended complaint ("TAC").  After considering the appropriateness of Plaintiffs' proposed amendments to their complaint under Fed. R. Civ. P. 16(b)(4) and Fed. R. Civ. P. 15(a), the court permitted Plaintiffs to add only factual allegations occurring after the filing of the SAC and any causes of action arising from those factual allegations.[37]

Plaintiffs filed a TAC ostensibly in line with the court's directions.  In the TAC, which is the subject of these motions for summary judgment, Plaintiffs abandoned the causes of action for which the court found there was no good cause to allow them to add.[38]  Plaintiffs instead pursue four claims: (1) violations of Article 1, Section 2 of the California Constitution; (2) violations of California Civil Code Section 51.7; (3) violations of California Civil Code Section 52.1; and (4) injunctive relief under California Civil Code Section 527.6.[39]  Plaintiffs notably failed to add any of the factual allegations that the court permitted them to add in its earlier order.[40]

_____

[34] *See id.*

[35] *See id.*

[36] *See* Docket Nos. 52, 55.

[37] *See* Docket No. 107.

[38] *See id.*

[39] *See* Docket No. 110.

[40] *Compare* Docket No. 110 *with* Docket No. 52 *and* Docket No. 78.

7

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

Having explained earlier that the TAC is the complaint on which this case will move forward to any future trial,[41] the court now considers its fate against the two motions for summary judgment brought by the parties.

## II.    LEGAL STANDARDS

Summary judgment is proper if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[42] The moving party bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a triable issue of material fact.[43] If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial.[44] A genuine issue for trial exists if there is sufficient evidence for a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, to return a verdict for the nonmoving party.[45]  If the nonmoving party fails to make the requisite showing, "the moving party is entitled to judgment as a matter of law."[46]

## III.    DISCUSSION

The parties both raise several arguments regarding the four causes of action at issue, and the court addresses each cause of action in turn.  As a preliminary matter, however, the court disposes of Plaintiffs' argument that they should prevail on summary judgment on the issue of whether Feld

---

[41] *See* Docket No. 107.

[42] Fed. R. Civ. P. 56(a).

[43] *See* Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[44] Fed. R. Civ. P. 56(e).

[45] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[46] *Celotex*, 477 U.S. at 323.

8

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

is subject to respondeat superior liability.[47]  In their papers, Plaintiffs assert that the court must enter summary judgment on this issue because the evidence shows that the people pursuing those actions were Feld employees and that the actions were part of a "practice" and "custom" by Feld to harass Plaintiffs.[48]  Feld responds that Plaintiffs have not shown that the people actually were Feld employees, that Feld had notice of their actions, or that the actions fell within the customary activities employment activities for which Feld would be liable.[49]

"The respondeat superior doctrine makes an employer vicariously liable for torts of its employee committed within the scope of employment."[50]  Although the doctrine does not rely on a showing of fault committed by the employer, a plaintiff instead has the burden of showing that "the employee committed the tortious conduct within the scope of employment."[51]  To come within the scope of employment, the action must be "typical of or broadly incidental to the employer's enterprise."[52]  "Whether an employee's actions were within the scope of his employment is a question of fact."[53]

Although Plaintiffs' video evidence suggests that the persons interrupting their protest activities were Feld employees,[54] the evidence is not so overwhelming regarding whether the actions were within the scope of the people's employment that no jury could find in the

---

[47] *See* Docket No. 123.

[48] *See id.*

[49] *See* Docket No. 127.

[50] *Sunderland v. Lockheed Martin Aeronautical Sys. Support Co.*, 130 Cal. App. 4th 1, 8 (2005).

[51] *See id.* at 8-9.

[52] *See Yamaguchi v. Harnsmut*, 106 Cal. App. 4th 472, 482 (2003).

[53] *Id.*

[54] *See* Docket No. 124-2, Ex. B. (containing video clips of encounters between Plaintiffs and alleged Feld employees apparently at HP Pavilion in San Jose, California).

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

alternative.[55]   Although Feld may be liable for its employees' "malicious, willful, or criminal" acts

if they were "outgrowth[s] of [their] employment" or "foreseeable from [their] duties,"[56] viewed in

the light most favorable to Feld as is required for a summary judgment motion,[57] Plaintiffs'

evidence does not preclude a finding that the alleged employees acted beyond the scope of their

employment based on their actions.

Plaintiffs' motion for summary judgment on the respondeat superior issue is DENIED.

Because respondeat superior liability is a threshold question for Feld's liability under any

Plaintiffs' causes of action,[58] the questions of fact the court identifies here apply for each of the

following claims.  As a result, entry of summary judgment in favor of Plaintiffs on any of their

causes of action is improper.

**A.      California Constitution, Article I, Section 2**

Plaintiffs raise a cause of action directly under the Article I, Section 2 of the California

Constitution, which states: "[e]very person may freely speak, write and publish his or her

sentiments on all subjects, being responsible for the abuse of this right."  Article I, Section 2 does

not automatically provide a cause of action.[59]  The California Supreme Court has suggested that

courts instead must consider on a case-by-case basis whether under the *Bivens v. Six Unknown*

*Federal Narcotic Agents*[60] factors a constitutional tort may arise for the facts alleged.[61]

––––––––––––––––––––––

[55] *See Anderson*, 477 U.S. at 252.

[56] *See Yamaguchi*, 106 Cal. App. 4th at 48

[57] *See Anderson*, 477 U.S. at 248.

[58] *See Sunderland*, 130 Cal. App. 4th at 8.

[59] *See DeGrassi v. Cook*, 29 Cal 4th 333, 341 (2002).

[60] 403 U.S. 388 (1971).

[61] *See DeGrassi*, 29 Cal. 4th at 341; *see also Katzberg v. Regents of the University of California*, 29 Cal. 4th 300 (2002) (establishing framework for assessing when constitutional torts may be claimed).

10

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

Feld ignores Plaintiffs' first cause of action and erroneously conflates it with their claim for damages under California Civil Code Section 52.1 for obstruction of their constitutional rights through threats, intimidation, or coercion.[62] Plaintiffs, on the other hand, provide no argument as to whether they may properly bring a claim under the California Supreme Court's framework.[63] Because of the lack of briefing regarding this complicated issue, the court cannot engage in the meaningful constitutional analysis required to determine whether the facts Plaintiffs allege give rise to a cause of action.[64] As such, in addressing the underlying state action issue, the court presumes, but does not decide, that Plaintiffs may bring a cause of action under Article I, Section 2.[65]

Although neither party provides constitutional analysis regarding whether a private cause of action may arise, they dispute whether state action is required to raise an Article I, Section 2 claim. In *Golden Gateway Center v. Golden Gateway Tenants Association*,[66] the California Supreme Court issued a plurality opinion holding that state action was a threshold requirement for any such claims.[67] The dissent, on the other hand, concluded that no state action was required and instead endorsed a balancing of the competing interests to determine whether a cause of action could stand.[68] Chief Justice George concurred in the result but did not agree that the Court should limit free speech claims to state action.[69]

---

[62] *See* Docket No. 117. The court likewise erroneously conflated the two causes of action in its June 4, 2012 order granting-in-part and denying-in-part Feld's motion to dismiss. *See* Docket No. 43.

[63] *See* Docket Nos. 110, 123.

[64] *See Cuviello v. CalExpo*, Case No. S-11-2456 KJM EFB, 2012 WL 4208201 (E.D. Cal. Sept. 19, 2012).

[65] *Cf. Cuviello*, 2012 WL 4208201, at *11 (denying motion to dismiss claim for constitutional violations under Article I, Section 2 for failure to brief constitutional analysis); *Adams v. Kraft*, Case No. 5:10-CV-00602 LHK, 2011 WL 3240598, at *16 (N.D. Cal. July 29, 2011) (same).

[66] 26 Cal. 4th 1013 (2001).

[67] *See id.* at 1030.

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

Although Plaintiffs properly highlight that as a plurality opinion, *Golden Gateway* is not binding, the court nevertheless finds the Court's reasoning persuasive that state action is a threshold requirement for a claim under Article 1, Section 2.  As the *Golden Gateway* plurality and Chief Justice George described, before the decision, whether state action was a requirement under Article I, Section 2 was an open question.[70]  This court therefore is not bound by earlier California Supreme Court decisions regarding Article I, Section 2,[71] and those decisions do not require an opposite holding in any event.  As the plurality points out in its extensive analysis, the Court's prior decisions looked to whether the private actor stood in the shoes of a state actor[72] or were nothing more than dicta regarding the reach of California's free speech clause.[73]  And at least one other federal district court has held that state action is a requirement under Article I, Section 2.[74]

Because the court finds that state action is a threshold requirement for a claim under Article 1, Section 2, Plaintiffs' cause of action must fail.  Plaintiffs have not alleged or shown evidence that Feld or its employees are state actors.  Feld's motion for summary judgment is GRANTED.

**B.     California Civil Code Section 51.7**

California Civil Code Section 51.7 establishes for all people "the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation."  A claim under Section 51.7 requires a showing of four elements: (1) "the

---

[68] *See id.* at 1049.

[69] *See id.* at 1043.

[70] *See id.* at 1030, 1043.

[71] *See, e.g. Gerawan Farming, Inc. v. Lyons*, 24 Cal. 4th 468, 492 (2000); *Robins v. Pruneyard Shopping Ctr*, 23 Cal. 3d 899, 910 (1979).

[72] *See Golden Gateway*, 26 Cal. 4th at 1028; *Robins*, 23 Cal. 3d at 910.

[73] *See Golden Gateway*, 26 Cal. 4th at 1028-29; *Gerawan*, 24 Cal. 4th at 492.

[74] *See Thornbrough v. W. Placer Unified School Dist.*, Case No. 2:09-cv-02613-GEB-GGH, 2010 WL 2179917, at *7 (E.D. Cal. May 27, 2010).

12

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

defendant threatened or committed violent acts against the plaintiff"; (2) "the defendant was motivated by her perception of plaintiff's [political affiliation]"; (3) "the plaintiff was harmed"; and (4) "the defendant's conduct was a substantial factor in causing the plaintiff's harm."[75]

Plaintiffs claim that Feld and its employees employed laser pointers, firehoses, ropes, and large sticks against them because of their political stance on animal rights.[76] They also state that they were humiliated and suffered emotional harm as a result.[77] Triable issues of fact exist regarding this claim, especially regarding whether Plaintiffs' political affiliation motivated Feld's employees' actions.[78] In particular, a reasonable jury could look at Plaintiffs' video evidence and conclude that Feld's employees knew that they engaged in their protests because of their positions on animal rights. The video evidence also suggests that Feld's employees engaged in activities that a reasonable jury could find were threatening or intimidating. And Plaintiffs submitted declarations – which is equivalent to sworn testimony[79] – that they suffered emotional harm from Feld's employees' actions. Credibility determinations regarding Plaintiffs' testimony are for the jury not for the court.[80]

**C.    California Civil Code Section 52.1**

California Civil Code Section 52.1 provides a civil action for "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of

[75] *See Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1167 (N.D. Cal. 2009).

[76] *See* Docket No. 110 ¶ 80.

[77] *See id.* ¶ 59.

[78] *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1289-90 (9th Cir. 2001) (noting that findings of animus and whether threats or violence were intimidating are findings properly before a jury).

[79] *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158-59 (describing the weight sworn declarations and testimony should deserve in summary judgment consideration).

[80] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"); *Leslie*, 198 F.3d at 1158.

13

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

rights secured by the Constitution or laws of [California], has been interfered with or attempted to be interfered with" through "threats, intimidation, or coercion."  "The word 'interferes' as used in [Section 52.1] means 'violates.'"[81]  "To obtain relief under this statute, a plaintiff must prove that a defendant tried to, or did, prevent the plaintiff from doing something that he had the right to do under the law, or to force plaintiff to do something he was not required to do under the law."[82]

Section 52.1 requires two showings: (1) that a plaintiff's constitutional or statutory right was interfered with; and (2) that the interference was accompanied by "threats, intimidation, or coercion."[83]  Section 52.1, thus, is a derivative cause of action that requires a threshold showing of the violation of a constitutional or statutory right, and only upon meeting that first element does a plaintiff also have to show the violation occurred with the requisite threats or intimidation.

Plaintiffs premise their Section 52.1 claim on the violation of the speech and liberty clauses of the California Constitution[84] and the violation of three California statutes that Plaintiffs assert confer certain rights: California Civil Code Sections 3479, 1708, and 51.7.  The court addresses the statutory claims first and then turns to the constitutional claims.

### 1.     Section 3479

California Civil Code Section 3479 is a nuisance statute prohibiting in part anything that "unlawfully obstructs the free passage or use, in the customary manner, of any . . . public park, square, street, or highway."  Section 3479 provides causes of action both for "private nuisance" and "public nuisance."[85]  A private nuisance action involves "a nontrespassory interference with the

---

[81] *Barsamian v. City of Kingsburg*, 597 F. Supp. 2d 1054, 1064 (E.D. Cal. 2009) (quoting *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007)).

[82] *Knapps*, 647 F. Supp. 2d at 1168.

[83] *See Venegas v. Cnty. of Los Angeles*, 32 Cal. 4th 820, 843 (2004); *Barsamian*, 597 F. Supp. 2d at 1064.

[84] *See* Cal. Const., art. 1, § 1 (liberty clause); Cal. Const., art. 1, § 2 (speech clause).

14

United States District Court
For the Northern District of California

private use and enjoyment of land."[86]   A public nuisance is "one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal."[87]

Because Plaintiffs' allegations involve public streets, private nuisance is not at issue.[88] Plaintiffs instead must rely on public nuisance, which requires a showing that "the interference must be both substantial and unreasonable."[89]   A public nuisance is "substantial if it causes significant harm and unreasonable if its social utility is outweighed by the gravity of the harm inflicted."[90]   "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise."[91]

Plaintiffs claim that Feld's employees actions during the animal walk to the arena, namely entangling Plaintiffs in the ropes used to handle the animals, obstructed Plaintiffs' use of the sidewalks and streets.[92]   Bolbol also points to the use of firehoses against her while she was on the

---

[85] *See San Diego Gas & Electric Co. v. Superior Ct.*, 13 Cal. 4th 893, 937 (1996).

[86] *See San Diego Gas & Electric*, 13 Cal. 4th at 937; Cal. Civil Code § 3481.

[87] Cal. Civil Code § 3480.

[88] *See Reinhard v. Lawrence Warehouse Co.*, 41 Cal. App. 2d 741, 745 (1940) ("A nuisance is common or public where it affects the rights enjoyed by citizens as part of the public, that is, the rights to which every citizen is entitled.   A private nuisance is one that affects a single individual or a determinate number of persons in the enjoyment of some private right not common to the public.").

[89] *See People ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090, 1105 (1997); *Cnty. of Santa Clara v. Atl. Richfield Co.*, 137 Cal. App. 4th 292, 305 (2006).

[90] *Cnty. of Santa Clara*, 137 Cal. App. 4th at 305.

[91] Cal. Civil Code § 3493.

[92] *See* Docket No. 123; Docket No. 124.

15

public sidewalk surrounding the arena as further public nuisance.[93]  Plaintiffs claim that they were "specially" injured because they were targeted by Feld's employees.[94]

The court doubts that Plaintiffs have provided sufficient evidence to show that Feld's employees' intermittent animal walks amount to "substantial" and "unreasonable" interference with sidewalks such as to be labeled a "nuisance" but does not need to resolve that issue.  The reason is that Plaintiffs cannot show that they were "specially" injured by any of Feld's alleged nuisance actions.  At best, Plaintiffs can show that they were targeted by Feld's employees' activities, but public nuisance by definition is a "substantial" and "unreasonable" interference affecting the community at large that happens to affect the individual bringing the claim in a manner that is different in kind from the harm the community experiences.[95]  Here, Plaintiffs' allegations and evidence suggest Feld's employees attempted to interfere with Plaintiffs' ability to enjoy the sidewalks.  In other words, Plaintiffs' claim suggests that they suffered a different nuisance than the public at large rather than a different harm from the same nuisance that the community at large suffers.  That type of claim is not proper under the public nuisance prong of Section 3479.[96]

In further support of its ultimate holding on this issue, the court also notes that Plaintiffs still have not provided to the court any case law extending the protections of Section 52.1 to any violation of Section 3479 despite this court's observation of the absence of case law supporting this claim in its June 4 order,[97] and the court itself has not found any support for Plaintiffs' proposition.

---

[93] *See* Docket No. 124-1.

[94] *See* Docket No. 123; Docket No. 124.

[95] *See Gregory Village Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 901 (N.D. Cal. 2011).

[96] *See id.*; *see also* Cal. Civil Code § 3479 ("A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons.").

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

In light of Plaintiffs' already problematic cause of action, the court declines the invitation to extend Section 52.1 protection to Section 3479.

Feld's motion for summary judgment on Plaintiffs' Section 52.1 claim as based on Section 3479 is GRANTED.

### 2.    Section 1708

California Civil Code Section 1708 provides that "[e]very person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights."  It states only a "general principle of law" and does not provide a private cause of action.[98]  Section 1708 establishes only a duty to avoid injuring others and their property that permits a cause of action in tort when a defendant "performs an act not authorized by law" that "causes a substantial material loss to another."[99]

Plaintiffs claim that Feld's employees sprayed water over the wall surrounding the animal compound at the HP Pavilion in San Jose, which resulted in Bolbol sustaining damage to her camera.[100]  From this property damage, Plaintiffs assert that Feld's employees, and thereby Feld, violated Bolbol's right to be free from injury to her property by the actions of others.[101]  Plaintiffs argue that violation of the duty imposed by Section 1708 may support a claim under Section 52.1.[102]

As with the Section 3479 claim, in its June 4 order, the court dismissed Plaintiffs' Section 52.1 claim to the extent Plaintiffs relied on a violation of Section 1708 as the threshold statutory

---

[97] *See* Docket No. 43.

[98] *See Ley v. State*, 114 Cal. App. 4th 1297, 1306 (2004); *Cameron v. Buether*, Case No. 09-CV-2498-IEG, 2010 WL 1202318, at *6 (S.D. Cal. 2010).

[99] *City and Cnty. of San Francisco v. United Assn. of Journeymen*, 42 Cal. 3d 810, 814 (1986).

[100] *See* Docket No. 110; Docket No. 124-1.

[101] *See* Docket No. 110; Docket No. 123.

[102] *See* Docket No. 123.

17

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

right violation.[103]  Plaintiffs argue that the court misapplied Section 1708 by reading into the law a requirement that the property damage be accompanied by a violation of constitutionally protected activities.[104]  Plaintiffs misread the court's analysis.  Because Plaintiffs provided no support for the proposition that a Section 52.1 claim could be based on a violation of Section 1708, the court determined that the only way property damage could support a Section 52.1 claim would be if it was accompanied by a constitutional violation.[105]  In light of the court's determination that Plaintiffs' videotaping activities at the wall at the San Jose forum previously had been found to be unprotected by the California Constitution, the court found Plaintiffs had not pleaded the necessary constitutional violation.[106]

Plaintiffs still have not provided support for the novel proposition that a violation of Section 52.1 may be based on a breach of the duty imposed by Section 1708, and the court has not found any case law supporting this application of Section 52.1.  In light of the many cases indicating that the purpose of Section 1708 merely is to state public policy and to provide a duty in support of a negligence claim,[107] the court finds that Section 1708 does not create an affirmative right upon which a Section 52.1 claim may rest.

Even if an extension of Section 52.1 to violations of Section 1708 were proper, Plaintiffs have not provided evidence from which a jury could determine that Feld's employees' actions amounted to a violation of Section 52.1.  Assuming arguendo that the damage Bolbol sustained to her camera was a breach of the duty established by Section 1708, Plaintiffs have not provided

---

[103] *See* Docket No. 43.

[104] *See* Docket No. 123.

[105] *See* Docket No. 43.

[106] *See id.*

[107] *See, e.g., Katzberg*, 29 Cal. 4th at 328; *Ley*, 114 Cal. App. 4th at 1306; *Quechan Indian Tribe v. United States*, 535 F. Supp. 3d 1072, 1114-1115 (S.D. Cal. 2008).

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

evidence that Feld's employees' accompanying actions amounted to "threats, intimidation, or coercion." According to Plaintiffs, as Bolbol attempted to film the care of the animals, Feld's employees sprayed water over the wall and damaged her camera.[108] Plaintiffs conclusorily state that the Feld "is liable for damaging [] Bolbol's property through threats, intimidation, and coercion."[109]

But Plaintiffs have not offered any evidence that the employees used threats, intimidation, or coercion *in order to* violate Bolbol's supposed right to be free from property damage. That the property damage could have been a form of threat, intimidation, or coercion to prevent Plaintiffs from exercising some other right is insufficient to establish a claim under Section 52.1 based on Section 1708. Plaintiffs have not shown a causal link between any threats and the alleged damage to Bolbol's camera. The evidence perhaps suggests that a breach of the duty imposed by Section 1708 occurred in parallel with threats to prevent Plaintiffs' exercise of other rights, but it does not support the claim Plaintiffs seek to bring here.

Feld's motion for summary judgment on the Section 52.1 claim as based on a violation of Section 1708 is GRANTED.

### 3. California Constitution, Article I, Section 2

As noted earlier, Article I, Section 2 of the California Constitution provides that "[e]very person may freely speak, write and publish his or her sentiments on all subjects, being responsible for abuse of this right." Plaintiffs claim that Feld's employees interfered with their free speech activities of protesting and videotaping and used threats, intimidation, or coercion to accomplish the interference. Plaintiffs point to the use of the laser pointers, the sticks, and water while they were videotaping at the wall surrounding the San Jose forum and the use of the ropes during the

---

[108] *See* Docket No. 110; Docket No. 124-1.

[109] Docket No. 135.

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

animal walks.[110]  Feld responds that Plaintiffs have no constitutionally protectable right to film over the wall surrounding the animal compound and so any actions at that site cannot have interfered with any rights.[111]  As to the use of the ropes, Feld argues that Plaintiffs have not and cannot show that the ropes were used to threaten, intimidate or coerce them.[112]

As the court noted in the June 4 order, Plaintiffs' videotaping activities at the wall surrounding the animal compound at HP Pavilion are not constitutionally protected, and Plaintiffs are precluded from relitigating that issue.[113]  As such, to the extent that Plaintiffs' Section 52.1 claim is based on interference with constitutional rights while videotaping over the wall at the compound, Plaintiffs' claim fails.  Because there is no constitutional protection for videotaping at the wall, Feld's employees' actions did not interfere with a constitutional right and so the allegations cannot give rise to a Section 52.1 claim on that basis.

Plaintiffs' claims for interference with their constitutional rights while videotaping on the sidewalks during the animal walks, however, may support a Section 52.1 claim.  "Such areas as streets, sidewalks, and parks historically have been viewed as 'quintessential public forums' where free speech cannot be prohibited."[114]  Videotaping activities within public fora is constitutionally protected activity especially where, as here, the activities are of public interest.[115]  Plaintiffs have

---

[110] *See* Docket No. 123.

[111] *See* Docket No. 117.

[112] *See id.*

[113] *See* Docket No. 43.

[114] *Feminist Women's Health Center v. Blythe*, 32 Cal. App. 4th 1641, 1661-62 (1995).

[115] *See Bolbol v. City of Daly City*, 754 F. Supp. 2d 1095, 1105 (2010); *Cuviello v. City of Oakland*, Case No. C 06-05517 MHP, 2007 WL 2349325, at *3 (N.D. Cal. Aug. 15, 2007).

20

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

shown that their documenting of the circus's treatment of animals has garnered media attention and thus is a matter of some public interest.[116]

As to Feld's argument that Plaintiffs cannot show that Feld's employees' use and entanglement with the ropes is not threatening, intimidating, or coercive, the court finds that determination lies with the jury not with the court.  Under Section 52.1, "'threat ... involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm ... [i]ntimidation involves putting in fear for the purpose of compelling or deterring conduct' and 'coercion' is 'the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done.'"[117]  In their declarations, Bolbol and Cuviello claim that the rope entanglement was "harassing" and that because of the activities, they were forced to forgo their speech activities.[118]  Combined with their video evidence regarding Feld's employees' actions, Plaintiffs have provided sufficient evidence to raise a triable issue of fact regarding whether the actions were threatening, intimidating, or coercive.

Feld's motion for summary judgment on the Section 52.1 claim to the extent that it is based on interference with Article I, Section 2 of the California Constitution is DENIED.

### 4.    California Constitution, Article I, Section 1

Article I, Section 1 of the California Constitution provides "[a]ll people are by nature free and independent and have inalienable rights" among which are "enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety,

---

[116] See Cuviello, 2007 WL 2349325, at *3.

[117] Rezek v. City of Tustin, Case No. SACV 11-01601 DOC, 2012 WL 5829928, at *6 (C.D. Cal. Nov. 15, 2012) (quoting Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467 (1994)).

[118] See Docket No. 124 ¶¶ ; Docket No. 124-1 ¶¶ 16-18.

21

happiness, and privacy." This section protects several rights, including the right to pursue occupations[119] and privacy.[120]

Although Plaintiffs include a violation of Article I, Section 1 as a basis for their Section 52.1 claim, they have failed to explain how the facts they allege give rise to violations of this clause. In their motion for summary judgment, in fact, Plaintiffs never mention Article I, Section 1 in discussing their Section 52.1 claim. Their motion states that Feld "has interfered, through threats, intimidation or coercion, with Plaintiffs right: (1) to free speech under California's Liberty of Speech Clause; (2) to use public streets and sidewalks without unlawful obstruction pursuant to CA Civ Code § 3479; (3) to be free from injury of property and infringement upon rights pursuant to CA Civ Code § 1708; and (4) to be free from violence or intimidation by violence pursuant to CA Civ. Code § 51.7."[121] Plaintiffs also fail to address Article I, Section 1 in their opposition to Feld's motion for summary judgment.[122]

Because Plaintiffs have failed to explain on what theory Feld or its employees violated their rights under Article I, Section 1, the court finds summary judgment is appropriate to the extent Plaintiffs base their Section 52.1 claim on an Article I, Section 1 violation.[123]

###    5.    Section 51.7

For the first time in the TAC, Plaintiffs claim that their Section 52.1 claim may be based on a violation of Section 51.7. They provide no case law applying Section 52.1 to Section 51.7. In

---

[119] *See, e.g.*, *Townsend v. Cnty. of Los Angeles*, 49 Cal. App. 3d 263 (1975).

[120] *See e.g.*, *Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136 (S.D. Cal. 2005).

[121] *See* Docket No. 123 at 19.

[122] *See* Docket No. 130.

[123] *See Adams v. Kraft*, Case No. 5:10-CV-00602-LHK, 2011 WL 3240598, at *15-16 (N.D. Cal. July 29, 2011) (dismissing claims where plaintiff failed to assert anything more than a bald assertion of violation of rights and failed to point to which factual allegations supported that violation).

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

light of California Civil Code Section 52.1(g), which explicitly states that a claim brought under Section 52.1 is independent of an action brought pursuant to Section 51.7, the court does not believe that a violation of Section 51.7 can be the basis for a Section 52.1 claim.

The court does not have to reach this issue, however, because Plaintiffs' inclusion of this predicate claim is an amendment to the TAC for which they received no leave from the court. The FAC and the SAC included only Sections 3479 and 1708 and constitutional protections under Sections 1 and 2 of Article I of the California Constitution as bases for Plaintiffs' Section 52.1 claim.[124] When the court granted Plaintiffs leave to file the TAC pursuant to Fed. R. Civ. P. 16(b) in its November 15, 2012 order, it permitted only limited amendments to the complaint of factual allegations arising out of the most recent confrontations between Plaintiffs and Feld's employees and certain causes of action arising out of those allegations.[125] The court explicitly stated that other amendments were not supported by good cause because Plaintiffs failed to show diligence in pursuing those claims as required by Rule 16(b).[126]

Here, Plaintiffs have neither sought leave to add Section 51.7 as a predicate claim for their Section 52.1 claim nor have they shown good cause for failing to raise this predicate claim in any of their earlier complaints. The court already has explained at length for these parties the procedures and the standards required at this stage to amend their complaint,[127] and so the court observes here only that under Rule 16(b) Plaintiffs must seek leave to amend their complaint because the deadline for amendments has long since passed and they are obligated to show good cause to amend their complaint beyond the limited changes the court permitted in its November 15

---

[124] *See* Docket No. 13 ¶¶ 66-71; Docket No. 52 ¶ 70.

[125] *See* Docket No. 107.

[126] *See id.*

[127] *See id.*

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

United States District Court

For the Northern District of California

order.[128]  Plaintiffs have completed neither of these obligations.  Especially in light of the rapidly

approaching trial date[129] and the court's explicit instructions in its November 15 order that only

limited amendments were permissible because of the lack of diligence and the potential for

prejudice to Feld,[130] the court shall not permit Plaintiffs now to add this predicate claim in

contravention of its directions.

Feld's motion for summary judgment on Plaintiffs' Section 52.1 claim to the extent that it is

based on Section 51.7 is GRANTED.

**D.      California Code of Civil Procedure Section 527.6**

California Code of Civil Procedure Section 527.6 provides that "[a] person who has

suffered harassment . . . may seek a temporary restraining order and an injunction prohibiting

harassment as provided in this section."  Section 527.6 defines harassment as "unlawful violence, a

credible threat of violence, or a knowing and willful course of conduct directed at a specific person

that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."  "The

course of conduct must be such as would cause a reasonable person to suffer substantial emotional

distress, and must actually cause substantial emotional distress to the petitioner."[131]

Feld contends injunctive relief pursuant to Section 527.6 is not a cause of action but merely

a remedy.[132]  Feld argues that even if a Section 527.6 claim may be brought Plaintiffs failed to

allege or provide sufficient evidence suggesting emotional distress.[133]  Feld further argues that

---

[128] *See Johnson v. Mammoth Recreation Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

[129] *See* Docket Nos. 15, 140.

[130] *See* Docket No. 107.

[131] Cal. Civ. P. Code § 527.6(b)(3).

[132] *See* Docket No. 117.

[133] *See id.*

24

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs cannot establish the likelihood of future harm that would justify entry of an injunction.[134] Plaintiffs do not address Section 527.6 in either their motion for summary judgment nor in their opposition to Feld's opposition.[135]  They state in their complaint, however, that "[m]onetary damages will only compensate the harm that has been done to Plaintiffs in the past, not secure the free exercise of their rights in the future."[136]

In its June 4 order, the court dismissed Plaintiffs' Section 527.6 claim on the grounds that Plaintiffs' allegations of harassment did not suffice for the type of harassment defined under Section 527.6 and that Plaintiffs failed to allege causation between the harassment and the alleged emotional distress they suffered.[137]  In its TAC, Plaintiffs alleged that the harassment caused "severe stress and anxiety, depression, and loss of sleep."[138]  They do not include any statements supporting these allegations in their declarations, however.[139]  Even if these additional allegations cured the deficiencies regarding whether harassment caused their emotional distress, Plaintiffs have not significantly changed their allegations regarding the harassment they suffered.  Plaintiffs have still not shown any case law that the type of harassment they allegedly suffered suffices for Section 527.6.  As the court noted in its earlier order, Section 527.6 addresses harassment of a personal nature, such as incidents of stalking or invasions of privacy, and Plaintiffs' allegations do not describe that type of harassment.[140]

---

[134] *See id.*

[135] *See* Docket Nos. 123, 130.

[136] Docket No. 110 ¶ 104.

[137] *See* Docket No. 43.

[138] *See* Docket No. 110 ¶ 59.

[139] *See* Docket Nos. 124, 124-1.

[140] *See* Docket No. 43.

25

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Even if Plaintiffs could allege and provide evidence that they suffered harassment falling within the ambit of Section 527.6, they cannot establish that injunctive relief is required to ensure against future harassment. As Plaintiffs highlight in their papers and in their declarations, they have since had interactions with Feld's employees where no harassment occurred.[141] This concession suggests that the prospective relief they seek is unnecessary.

Feld's motion for summary judgment on the Section 527.6 claim is GRANTED.

## IV.    CONCLUSION

To summarize, because triable issues of fact exist regarding Feld's respondeat superior liability, Plaintiffs' motion for summary judgment on any of their claims is DENIED. Feld's motion for summary judgment is DENIED for Plaintiff's claim for violations of Section 51.7 and Section 52.1 as based on violations of Article I, Section 2 of the California Constitution. Feld's motion for summary judgment is GRANTED for the remaining claims.

As the court previously noted, the parties shall appear for a final pretrial conference on January 31, 2013 at 2:00p.m.[142] Trial begins with jury selection and, time permitting, opening statements on February 5, 2013 at 1:30p.m.[143]

**IT IS SO ORDERED.**

Dated:  January 23, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[141] *See* Docket No. 123 at 7 n.3; Docket No. 124 ¶ 26.

[142] *See* Docket No. 140.

[143] *See id.*

26

Case No.: 11-5539 PSG
ORDER RE MOTIONS FOR SUMMARY JUDGMENT