1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7          SAN JOSE DIVISION

8

9    DENIZ BOLBOL and JOSEPH CUVIELLO,      )    Case No.: C 11-5539 PSG
     INDIVIDUALLY,                          )
10                                          )    **ORDER RE MOTIONS IN LIMINE**
                    Plaintiffs,             )
11        v.                                )    **(Re: Docket Nos. 148, 149, 150, 151, 152,**
                                            )    **153, 154, 155, 156, 162, 170)**
12   FELD ENTERTAINMENT, INC. (dba          )
     RINGLING BROS. and BARNUM & BAILEY     )
13   CIRCUS); JAMES DENNIS; MATTHEW         )
     GILLET; and DOES 1-10,                 )
14                                          )
                                            )
15                  Defendants.             )
     _____   )

16

17          Before the court are the parties' in limine motions.  Plaintiffs Denise Bolbol ("Bolbol") and

18   Joseph Cuviello ("Cuviello") (collectively "Plaintiffs") brings six motions and Defendant Feld

19   Entertainment, Inc. ("Feld") brings nine motions.  The parties appeared for oral argument on these

20   motions on January 31, 2013.  Having reviewed the papers and considered the parties' arguments,

21          IT IS HEREBY ORDERED that Feld's request to exclude non-party witnesses from the

22   courtroom while other witnesses are testifying and the request to exclude non-party witnesses

23   during opening statements is GRANTED.[1]

24

25          Fed. R. Evid. 615 provides that "[a]t a party's request, the court must order witnesses

26   excluded so they cannot hear other witnesses' testimony."  In light of Feld's request, the court must

27   order non-party witnesses excluded during other witnesses' testimony.  Feld also requests that non-

28   _____

[1] See Docket No. 148.

                                1

Case No.: 11-5539 PSG
ORDER

**United States District Court**
For the Northern District of California

party witnesses be excluded during opening statements.  Exclusion of witnesses during opening statements is not within the purview of Rule 615 and lies instead in the court's discretion.[2]  Feld argues that exclusion is proper to ensure that witnesses' recollection of the events in question are not influenced.  Because this case relies heavily on eyewitnesses accounts, the court finds excluding non-party witnesses during the opening statements is warranted.[3]

      IT IS FURTHER ORDERED that Feld's request to exclude evidence of its financial condition unless and until liability for punitive damages has been established is DENIED.[4]

      "If a prima facie case of oppression, fraud, or malice is established, then it [is] proper to submit evidence of the defendant's net worth to the jury."[5]  "Otherwise presentation to the jury of such evidence [is] distracting and prejudicial."[6]  Feld contends that until Plaintiffs have proven entitlement to punitive damages, its financial condition should be excluded.  But Plaintiffs have established a prima facie case for oppression and malice involving Feld's restriction of their exercise of rights protected under Article I, Section 2 of the California Constitution.[7]

---

[2] *See U.S. v. West*, 607 F.2d 300, 306 (9th Cir. 1979).

[3] The court also notes that Plaintiffs do not appear to object to this in limine motion.

[4] *See* Docket No. 149.

[5] *999 v. CIT Corp.*, 776 F.2d 866, 872 (9th Cir. 1985).

[6] *Id.*

[7] *See* See Cal. Civ. Code § 3294(c) (defining malice as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the person's rights or safety of others" and oppression as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights"); *see also* Docket No. 147 (explaining how Plaintiffs have alleged and established a triable issue of fact for violations of California Civil Code Sections 51.7 and 52.1).

Case No.: 11-5539 PSG
ORDER

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IT IS FURTHER ORDERED that Feld's request to prevent Plaintiffs or their counsel from identifying Feld or its employees as "harassers," identifying Plaintiffs as "harassed," or describing the actions at issue as "interfering" with or "intimidating" Plaintiffs is DENIED.[8]

As Feld correctly asserts, whether the actions at issue in fact were interference or intimidation is a determination for the jury.[9]  But as Plaintiffs point out, an inability to use the terms of the statute as part of their evidence and arguments would unfairly limit them.  To the extent that a particular use of the terms during trial may be unfairly prejudicial or misleading, Feld may bring an objection at that time and the court will consider the merits of the argument.

IT IS FURTHER ORDERED that Feld's motion to exclude evidence of alleged harm suffered by third parties to the case is DENIED.[10]

Although Fed. R. Evid. 404(b)(1) provides that evidence of "a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," Fed. R. Evid. 404(b)(2) allows that type of evidence to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  As the court noted in its June 4, 2012 order, Plaintiffs only have standing for alleged actions taken against them.  And as it noted in its November 15, 2012 order, third-party Shannon Campbell ("Campbell"), to which Plaintiffs refer in their Third Amended Complaint ("TAC"), has interests parallel to but not overlapping with Plaintiffs' interests in this case.  But Plaintiffs seek to use the instances with Campbell to show that Feld's employees did not

---

[8] *See* Docket No. 150.

[9] *See Venegas v. Cnty. of Los Angeles*, 153 Cal. App. 4th 1230, 1247 (2007).

[10] *See* Docket No. 151.

3

Case No.: 11-5539 PSG
ORDER

act accidentally and that their behavior was within the custom and practice of their employment.[11]
Plaintiffs may use evidence of actions taken against non-parties in this limited capacity.

IT IS FURTHER ORDERED that Feld's request to exclude evidence of the treatment of the animals in the circus is GRANTED.[12]

Pursuant to Fed. R. Evid. 401, evidence is relevant – and thereby admissible[13] – if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Feld argues that the treatment of animals performing in the circus is not relevant to this case. Plaintiffs' viable claims arise out of interference with their constitutional rights under Article I, Section 2 and intimidation because of their political affiliations.[14] Although Plaintiffs argue that evidence of animal mistreatment is the motivating factor underlying Feld's actions, they have not shown how the actual treatment of the animals is relevant. What is relevant is Plaintiffs' protest of Feld's treatment of its animals.

Fed. R. Evid. 403 also supports excluding this evidence. Rule 403 provides that exclusion of evidence is permissible if "its probative value is substantially outweighed by a danger of . . . unfair prejudice." Here, evidence regarding the treatment of the animals could be inflammatory and in light of the fact that the treatment has little bearing on the disposition of the issues, the court finds the unfair prejudice substantially outweighs the probative value.

IT IS FURTHER ORDERED that Feld's request to exclude evidence regarding the permits to walk animals on the sidewalk is DENIED.[15]

---

[11] *See* Docket No. 193.

[12] *See* Docket No. 152.

[13] *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

[14] *See* Docket No. 147.

[15] *See* Docket No. 153.

Case No.: 11-5539 PSG
ORDER

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

At issue in this case is the interference with Plaintiffs' free speech rights and threats and intimidation because of their political affiliation.  Plaintiffs argue that evidence of the permits and Feld's violations of the permits support their contentions that Feld violated California Civil Code Sections 51.7 and 52.1 by showing that they acted unreasonably and unsafely during the animal walk.[16]  Plaintiffs are limited, however, to the permits granted for the animal walks at issue in this case – specifically in Oakland, Sacramento, and San Jose for the dates indicated in the court's summary judgment order.[17]  They may not introduce evidence of any other permits.

IT IS FURTHER ORDERED that Feld's request to exclude evidence of confrontations or encounters between the parties prior to August 2008 is DENIED.[18]

As this court noted in its June 4 order, the statute of limitations is two years for the personal injury claims and three years for the statutory claims.[19]  Feld points to that order to suggest that Plaintiffs cannot bring evidence of encounters from before August 2008.  Although those actions cannot now give rise to liability, as Plaintiffs highlight, the earlier encounters are relevant to showing that Feld's employees' actions were not the result of accidents or mistakes.[20]  The evidence also may support that Feld's employees' actions fell within the custom and practice of their employment.

The court also must consider whether the evidence should be excluded pursuant to Fed. R. Evid. 403.  Feld argues that the past evidence could confuse the jury because a "pattern and practice" is not part of Plaintiffs' claims.[21]  But as noted above, the evidence is relevant to whether

---

[16] *See* Docket No. 186.

[17] *See* Docket No. 147.

[18] *See* Docket No. 154.

[19] *See* Docket No. 42.

[20] *See* Fed. R. Evid. 404(b)(2).

5

United States District Court
For the Northern District of California

Feld's employees' actions create respondeat superior liability for Feld.  Because Plaintiffs have conceded that they will introduce very limited evidence of previous events,[22] the court will hold Plaintiffs to that concession and permit only limited evidence to avoid unfair prejudice that substantially outweighs the probative value of this evidence.[23]

IT IS FURTHER ORDERED that Feld's request to exclude evidence not previously disclosed by Plaintiffs is DENIED.

According to Feld's motion, they seek only to prevent Plaintiffs from introducing evidence and witnesses at trial that were neither disclosed during initial disclosures or provided during pretrial disclosures.[24]  In their response, Plaintiffs assert that they have disclosed all of the evidence they intend to introduce save for seven examples.[25]  If a party fails to disclose evidence in compliance with Fed. R. Civ. P. 26(a) and 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[26]  Plaintiffs assert that the seven pieces of evidence they intend to use but failed earlier to disclose are documents originating from Feld, documents provided to Feld in parallel litigation, and a recently published article.[27]

Because Feld has access to these documents, the court finds Plaintiffs' introduction of this limited evidence is harmless and on these grounds, exclusion is not warranted.  The court makes no ruling on whether the documents could survive other challenges.  The court also will not allow

---

[21] *See* Docket No. 154.

[22] *See* Docket No. 190.

[23] *See* Fed. R. Evid. 403.

[24] *See* Fed. R. Civ. P. 26(a).

[25] *See* Docket No. 187.

[26] *See* Fed. R. Civ. P. 37(c).

[27] *See* Docket No. 187.

6

Case No.: 11-5539 PSG
ORDER

Plaintiffs to introduce any other undisclosed evidence absent a showing that the introduction would be harmless or substantially justified.

IT IS FURTHER ORDERED that Feld's request to consider injunctive relief after the trial phase is GRANTED.

The court notes that Plaintiffs did not provide a timely objection to Feld's request. The court also finds good cause for delaying consideration of injunctive relief until after the jury has rendered its verdict on Plaintiffs' claims. As Feld points out, the parties have several injunctions against each other in various jurisdictions – one of which has played an important role in this case.[28] In light of the complexity of drafting any potential injunction, the court finds that determining the appropriateness and scope of any injunctive relief should be delayed until after trial and evidence regarding injunctive relief should be excluded.

Having addressed Feld's motions, the court turns now to Plaintiffs' requests.

IT IS FURTHER ORDERED that Plaintiffs' requests to exclude evidence not disclosed in initial or supplemental disclosures[29] and to exclude Mike Stuart ("Stuart")[30] as a witness are GRANTED-IN-PART.

Fed. R. Civ. P. 37(c) mandates that a party may not use evidence not previously disclosed as required by Fed. R. Civ. P. 26(a) and 26(e) unless the court finds the failure to disclose was substantially justified or harmless. Feld argues that its pre-trial exchange pursuant to Fed. R. Civ. P. 26(a)(3) suffices for Rule 37(c)'s disclosure requirement.[31] Feld misunderstands Rule 26(a). Rule 26(a)(1) mandates initial disclosures, Rule 26(e) mandates supplemental disclosures, and Rule

---

[28] *See* Docket Nos. 42, 147.

[29] *See* Docket No. 162. Unless otherwise noted, the court draws Plaintiffs' argument from its consolidated motion in limine at Docket No. 162.

[30] *See* Docket No. 170.

[31] *See* Docket No. 171.

Case No.: 11-5539 PSG
ORDER

26(a)(3) mandates disclosure during the pre-trial exchange.  Each of these requirements provides to parties notice of the evidence potentially to be presented at trial.  Only evidence or witnesses disclosed at all three stages – in the initial disclosures, with supplementation if necessary, and in the pre-trial exchange – may be admitted at trial.[32]  Failure to meet Rule 26(a)'s disclosure requirements triggers Rule 37(c), which provides that undisclosed evidence may not be used unless the failure to disclose is substantially justified or if introduction of the evidence would be harmless.

Here, Feld listed four witnesses that it intends to call at trial – Jay Terrado ("Terrado"), Officer G. Vega ("Vega"), Mike Stuart ("Stuart"), and David Bailey ("Bailey") – and three witnesses it may call – Matthew Gillet ("Gillet"), Aryn Bryant ("Bryant"), and Jessica Hyman ("Hyman").[33]  Of those seven potential witnesses, Feld disclosed only three in its initial disclosure: Gillet, Terrado, and Vega.[34]  For the remaining four witnesses, Rule 37(c) applies, and they must be excluded unless the court determines that Feld's failure to disclose them earlier is substantially justified or that allowing Feld to introduce them would be harmless to Plaintiffs.

As an initial matter, the court notes that Feld did not provide reasons in its papers for its failure to disclose these witnesses earlier.[35]  Counsel suggested at the hearing that Feld decided to call these witnesses in part because they appeared in video clips submitted by Plaintiffs with their motion for summary judgment, and counsel had not seen the clips earlier.  But counsel never requested to see video that Plaintiffs mentioned in their initial disclosures and in fact appear to have never requested any discovery at all.  The failure to conduct discovery is not a substantial justification for failing to identify potential witnesses under Rule 26(a).

---

[32] *See* Fed. R. Civ. P. 26(a)(3) ("*In addition to the disclosures required by Rule 26(a)(1) and (2)*, a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: (i) the name and, if not previously provided, the address and telephone number of each witness.")

[33] *See* Docket No. 163-3.

[34] *See* Docket No. 163-1.

[35] *See* Docket No. 171.

Case No.: 11-5539 PSG
ORDER

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Citing to *In re First Alliance Mortg. Co.*,[36] Feld argues that Plaintiffs had independent knowledge of the identities of the Stuart, Bryant, and Bailey, failed to depose them, and "cannot now argue unfair surprise and undue prejudice."[37]  In *First Alliance*, the plaintiffs introduced "undisclosed" witnesses pursuant to their Rule 26(a)(3) disclosures and after the official close of discovery, and the defendant challenged the district court's decision to admit those witnesses.[38] The Rule 26(a)(3) disclosure took place more than 60 days before the commencement of trial, and the parties continued to engage in discovery well into the trial itself.[39]  The Ninth Circuit found introduction of the witnesses was not error in part because the defendant had "ample time remaining under Rule 26(a)(3)" and the defendant had prior knowledge of the witnesses' identities.[40]  The court emphasized that "there [was] nothing to suggest that [the defendant] was significantly hampered in its ability to prepare for trial or to examine these witnesses."[41]

The facts here differ substantially from *First Alliance*.  Feld gave notice of its witness list to Plaintiffs less than two weeks before trial will begin[42] and several months after the close of discovery.[43]  Plaintiffs thus have little or no time to depose the witnesses and may be hampered at trial.  To the extent that Feld asserts Plaintiffs know the witnesses, that knowledge is not enough to overcome the potential harm.  Plaintiffs probably know a lot of Feld's employees; they have engaged in disputes and confrontations with them for years.  That Plaintiffs happen to have met or

---

[36] 471 F.3d 977 (9th Cir. 2006).

[37] *See* Docket No. 171.

[38] *See* 471 F.3d at 1000.

[39] *See id.*

[40] *See id.*

[41] *See id.*

[42] *See* Docket No. 163-3.

[43] *See* Docket No. 15.

9

Case No.: 11-5539 PSG
ORDER

encountered the potential witnesses does not substitute for notice that the witnesses will be called at trial.

On the other hand, as to Stuart and Bailey, Feld has indicated that Plaintiffs have had an opportunity to examine these witnesses in other litigation.[44]  According to Feld, both Stuart and Bailey testified in a case between the parties in Santa Clara County Superior Court regarding the circus's procedures for its animal walks and interactions between Plaintiffs and circus employees.[45] If Plaintiffs have had an opportunity to examine these witnesses earlier such that they have notice of what Stuart and Bailey are likely to testify about, the court finds their introduction in this case is harmless.  But to ensure no unfair prejudice, Feld shall submit to the court transcripts from the superior court trial and shall limit its examination of Stuart and Bailey to subjects it covered in the earlier dispute.

As to Bryant and Hyman, Plaintiffs have not had an opportunity to examine these potential witnesses.  Feld's identification of Bryant is particularly problematic given that when Cuviello sought to contact her in a related case between the two parties in Oakland, Feld's counsel indicated that she had no contact information for Bryant.[46]  Calling Bryant now, after Feld's counsel's earlier statement regarding the inability to contact her, is prejudicial to Plaintiffs because they had no way to depose her and in fact may have been misled about her availability as a witness.  As to Hyman, prior to Feld's pretrial disclosures she was never identified as a witness and was named only in the event that Stuart was unavailable.  Feld even concedes that Plaintiffs had no prior knowledge of Hyman.

Because Feld failed to identify Hyman or Bryant in its initial disclosures and has failed to provide either substantial justification or to show harmlessness from introducing these witnesses,

---

[44] *See* Docket No. 171.

[45] *See* Docket No. 171.

[46] *See* Docket No. 199.

Case No.: 11-5539 PSG
ORDER

United States District Court
For the Northern District of California

the court finds excluding Hyman and Bryant from testifying is appropriate.  Because Feld has

indicated that Plaintiffs have had an opportunity to examine Stuart and Bailey in previous

proceedings, testimony from them that is limited to subjects on which they testified in the earlier

matter is harmless to Plaintiffs.  Stuart and Bailey therefore may testify but only on the same

subject matter as they testified in the superior court proceedings.  Feld shall submit to the court and

to Plaintiffs transcripts of their previous testimony no later than 5:00 p.m. on Monday, February 4,

2013.

  IT IS FURTHER ORDERED that Plaintiffs' request to exclude undisclosed witnesses Feld

wrongly identifies as rebuttal or impeachment witness is GRANTED-IN-PART.

  The court must admit its confusion at this motion.  Pursuant to Fed. R. Civ. P. 26(a)(3),

Feld is under no obligation to disclose witnesses it intends to use for impeachment.[47]  That

exception does not extend to rebuttal witnesses, and so rebuttal witnesses that have not been

identified pursuant to Rule 26(a) or 26(e) may not testify absent a showing by Feld that the failure

to disclose was substantially justified or that introduction is harmless.[48]  But Plaintiffs have not

pointed to a witness that may be improperly identified.  To the extent that Feld mischaracterizes its

impeachment witnesses in an effort to circumvent the Federal Rules or the court's Standing Order,

Plaintiffs may object and the court will consider the merit of the argument.

  IT IS FURTHER ORDERED that Plaintiffs' request to exclude Feld's witnesses as experts

is DENIED.

  Plaintiff argues that several of Feld's witnesses are being offered as experts regarding

animal welfare and safety habits.  Feld counters that it is not offering these witnesses as experts but

rather as percipient witnesses to the actions Plaintiffs allege occurred and to discuss the training

---

[47] *See* Fed. R. Civ. P. 26(a)(3) (stating that no disclosure is required for impeachment witnesses).

[48] *See* Fed. R. Civ. P. 37(c).

11

Case No.: 11-5539 PSG
ORDER

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

provided to Feld's employees.[49]  Because Feld is not offering these witnesses as experts, the court

will not exclude them on the grounds that Feld failed to comply with the rules governing expert

witness disclosures.[50]  To the extent that these witnesses attempt to offer testimony that is outside

of their roles as lay witnesses, Plaintiffs may object, and the court will consider the merit of the

argument.

IT IS FURTHER ORDERED that Plaintiffs' request to exclude evidence of Feld's privacy

interests within the animal compound at the San Jose forum is DENIED.

The court notes as a preliminary matter that Feld conflates the "non-public forum" holding

in the 2006 permanent injunction[51] with giving Feld a privacy interest in the area.  The two

inquiries are distinct.[52]  Feld asserts that because of a privacy interest in the area, actions taken by

its employees are not in violation of California Civil Code Sections 52.1 and 51.7.[53]  Plaintiffs

counter that having to establish the legality of their videotaping before the jury could find Feld

violated Sections 52.1 and 51.7 would be distracting and misleading to the jury.  Plaintiffs assert

that the evidence is inadmissible under Fed. R. Evid. 402 and 403.

Whether Feld's employees believed Plaintiffs were violating their privacy by videotaping

into the animal compound is relevant to the question of the motive for the employees' alleged

actions.  Section 51.7 requires that threats be because of Plaintiffs' political affiliation.  Evidence

---

[49] *See* Docket No. 173.

[50] *See* Fed. R. Civ. P. 26(a)(2).

[51] *See* Docket No. 42 (explaining the history of the injunction).

[52] *Compare Center for Bio-Ethical Reform Inc. v. City and Cnty. of Honolulu*, 455 F.3d 910, 919 (9th Cir. 2006) ("Areas not traditionally or explicitly opened to expressive activity are deemed nonpublic fora.") *with Leonel v. Am. Airlines, Inc.* 400 F.3d 702, 712 (9th Cir. 2005) ("To prove a claim under the California right to privacy, a plaintiff must first demonstrate three elements: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest.").

[53] *See* Docket No. 174.

12

Case No.: 11-5539 PSG
ORDER

that the employees felt their privacy was being violated is relevant to whether they had the requisite

motive under Section 51.7.  The court finds any prejudice to Plaintiffs does not substantially

outweigh the evidence's probative value.

IT IS FURTHER ORDERED that Plaintiffs' request to exclude evidence of prior "bad

acts," including a recent injunction issued against Bolbol by the Santa Clara Superior Court, is

DENIED.

Although Fed. R. Evid. 404(b)(1) prohibits prohibits the use of evidence of "a crime,

wrong, or other act is not admissible to prove a person's character in order to show that on a

particular occasion the person acted in accordance with the character," Fed. R. Evid. 404(b)(2)

allows admissibility of that type of evidence to show "motive, opportunity, intent, preparation,

plan, knowledge, identity, absence of mistake, or lack of accident."

Feld argues that the evidence is relevant to showing Bolbol's motives or intent and as

impeachment evidence.[54]  Plaintiffs argue that it is unfairly prejudicial, misleading, and a waste of

time.  The court finds that evidence of the issuance of the injunction would be unfairly prejudicial

and would substantially outweigh its probative value regarding Bolbol's motives or intent.  The

state court's decision sheds little new light on Bolbol's motivations or intent because it is a legal

determination of the various parties' rights in a parallel case.  As to impeachment, Feld has not

explained how evidence of the injunction reflects on Bolbol's tendency towards honesty and would

thus be admissible on those grounds.[55]

**IT IS SO ORDERED.**

Dated:  February 1, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[54] *See* Docket No. 175.

[55] *See* Fed. R. Evid. 608(b).

Case No.: 11-5539 PSG
ORDER

13

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No.: 11-5539 PSG
ORDER