1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DENIZ BOLBOL and JOSEPH CUVIELLO, INDIVIDUALLY, <br><br> Plaintiffs, <br> v. <br><br> FELD ENTERTAINMENT, INC. (dba RINGLING BROS. and BARNUM & BAILEY CIRCUS); JAMES DENNIS; MATTHEW GILLET; and DOES 1-10, <br><br> Defendants. | Case No.: C 11-5539 PSG <br><br> **ORDER DENYING MOTION TO STAY COSTS PENDING APPEAL** <br><br> **(Re: Docket No. 272)** |

After a jury verdict on February 15, 2013, this court entered judgment in favor of Defendant Feld Entertainment, Inc. ("Feld").[1]  Feld then filed its bill of costs, which drew objections from Plaintiffs Deniz Bolbol and Joseph Cuviello ("Plaintiffs").[2]  After Plaintiffs' objections were considered, the Clerk of Court awarded total costs of $8,295.89.[3]  On March 15, 2013, Plaintiffs filed a timely notice of appeal.[4]  Plaintiffs now invoke Fed. R. Civ. P. 62(d) and

---

[1] *See* Docket No. 253.

[2] *See* Docket Nos. 257, 260.

[3] *See* Docket No. 266.

[4] *See* Docket Nos. 262, 264.

1

Case No.: 11-5539 PSG
ORDER

United States District Court
For the Northern District of California

1    seek a stay of costs pending their appeal.  Plaintiffs alternatively seek a waiver of any obligation to

2    pay a supesedeas bond.

3        The court must initially observe that Plaintiffs' request appears timely.  Feld urges that all

4    requests dealing with a Clerk's award of costs must be presented within seven days under Fed. R.

5    Civ. P. 54(d).  But Rule 54(d) plainly speaks to challenges to the amount of an award or to the

6    award itself.  Plaintiffs are explicit that they do not make either of these challenges, but instead

7    seek simply to stay the award while they pursue their appeal.  Feld cites no authority applying the

8    rule in this context.

9        Turning to the merits of Plaintiffs' requests, the parties vigorously contest whether the

10   appropriate factors to consider are supplied by *Hilton v. Braunskill*[5] or *Association of Mexican-*

11   *American Educators v. California*.[6]  But whether one case, or the other, or both apply, Plaintiffs'

12   central contention is that paying either the costs awarded or a supersedeas bond would impose an

13   undue financial burden.[7]  Unfortunately, while Plaintiffs contend that they lack both the absolute

14   and relative (to Feld) means to pay, they submit no evidence of their means at all.  No income

15   statements or tax returns are tendered.  No deposition or trial testimony is presented.  No sworn

16   declaration is filed.  When the court asked Ms. Bolbol's counsel whether Plaintiffs could point to

17   anything to substantiate their claims of limited means, counsel candidly acknowledged that

18   Plaintiffs were reluctant to disclose any financial information that Feld might challenge.  Given the

19   contentious history between the parties, the court is sympathetic to this reluctance.  But the federal

20   courts require at least some semblance of evidence of financial status in all sorts of circumstances

21   that are at least as sensitive as this one, from an in forma pauperis application to a criminal

22   defendant's request for appointed counsel.  Especially in light of the Plaintiffs' substantial past

---

[5] 481 U.S. 770 (1987).

[6] 231 F.3d 572 (9th Cir. 2000).

[7] *See* Docket No. 278 at 3 ("Plaintiffs will be irreparably injured if this Court does not grant a stay."); Docket No. 273 at 2 ("As individual Plaintiffs who operate a non-profit organization, Plaintiffs do not have any substantial assets or resources."); Docket No. 278 at 5 ("Plaintiffs would be irreparably harmed if forced to post a bond because, while such an amount may be trivial for Ringling, any amount assessed against Plaintiffs is substantial.").

Case No.: 11-5539 PSG
ORDER

settlements and affirmative litigation history, it would be anomalous, at best, to credit a claim of limited means here without at least some evidence to back it up.

Plaintiffs' motion is DENIED.

**IT IS SO ORDERED.**

Dated:  July 18, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 11-5539 PSG
ORDER